**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA** *

**v.** * **Criminal No. 1:22-cr-00171 (JMC)**

**PAULA CONLON** *

*****

**MEMORANDUM IN AID OF SENTENCING**

The Defendant, by and through her attorney, Robert C. Bonsib, Esq. and the law office of MarcusBonsib, LLC, hereby submits this Memorandum in Aid of Sentencing and, in support thereof, states as follows:

## I. PROCEDURAL BACKGROUND

On September 23, 2022, the Defendant pled guilty to count four of the criminal information in which she was charged with Parading, Demonstrating or Picketing in a Capitol Building, in violation of 40 U.S.C. 5104(e)(2)(G).

The Court ordered a Pre-Sentence Report ("PSR")

Sentencing in this matter is presently scheduled for January 5, 2023.

## II. PRE-SENTENCE REPORT

The Defendant has reviewed the PSR and has no material objections to the contents of the PSR. The Defendant did provide updated information to the United States Probation Office regarding her financial information and noted some inaccuracies in the her personal family history.

**III. PRETRIAL RELEASE STATUS**

Ms. Conlon was arrested in this matter on May 17, 2022. She was detained until she was released on home detention on May 23, 2022. Ms. Conlon remained on home detention until that condition was vacated by the Court on September 23, 2022.

Ms. Conlon has spent four months and six days either in custody or on home detention.

Paragraph #5 of the PSR, confirms that both upon her release to home detention and, after the condition of home detention was vacated, that Ms. Conlon complied with all conditions of release.

**IV. OFFENSE CONDUCT**

While undersigned counsel is not conversant with all the facts and circumstances of all of the cases involving other January 6 defendants, it is hard to imagine that anyone would have been prosecuted for conduct that was significantly more limited than that of Ms. Conlon. A three-minute unlawful incursion during which Ms. Conlon neither engaged in any destructive or violent conduct must represent conduct at the lowest level of unlawful conduct amongst the January 6 prosecutions.

The statement of offense in Ms. Conlon's plea agreement further supports the very limited nature of her unlawful conduct in this case. That statement of facts, prepared by the government and agreed to by Ms. Conlon, states as follows:

***Paula Ann Conlon's Participation in the January 6, 2021 Capitol Riot***

> "The defendant, Paula Ann Conlon, previously lived in Germantown, Maryland before moving to West Virginia. On January 5, 2021, defendant traveled from Maryland to Washington, D.C., with Stacey Lee Bond, her co-defendant. They stayed in D.C. at a hotel for two nights, leaving on January 7, 2021. The purpose of the defendant's trip to

Washington, D.C. was to protect Congress' certification of the Electoral College and what she believed was a fraudulent election.

Prior to January 6, 2021, on December 8, 2020, defendant's Facebook account contained a significant amount of content and communications regarding the belief that the 2020 Presidential election had been stolen or fraudulent, and the account made several references to the upcoming rally on January 6, 2021 that 'should be epic.' However, the defendant's public Facebook activity largely ceased on January 5, 2021 as she temporarily deactivated her account on or soon after January 6, 2021

**On January 6, 2021, the defendant and her co-defendant Stacey Lee Bond entered the Capitol through the broken window by the Senate Wing Door at approximately 3:10 pm. They walked down the hall to S-140 where Bond took a picture of the inside from the outside of the hallway. Bond and the defendant then returned to vestibule of the Senate Wing door, and left the building through that door at 3:13 pm. The defendant was in the Capitol for approximately three minutes.**

Once outside, the defendant and Bond observed rioters confront and fight law enforcement officers on the Upper West Terrace around 4:22 p.m. The defendant is seen in Body Worn Camera (BWC) footage yelling at the police to 'back off.'"

The only conduct that was unlawful in the statement of the offense is that which is bolded in the statement of offense in the plea agreement. The other statements simply recount Ms. Conlon's lawful expressions of her political beliefs and constitute her First Amendment rights to freedom of expression.

## V. PAULA CONLON'S PERSONAL CHARACTERSTICS AND 18 U.S.C. 3553(a) FACTORS

The PSR accurately documents Ms. Conlon's personal history. It also documents how she suffered from and has overcome a substance abuse history

Ms. Conlon worked a night supervisor at Diakon Nursing Facility where she had worked since April of 2020. She works 5-6 days a week, often the night shift. The Defendant has been an RN for 22 years and worked throughout the pandemic. She was a first responder at the Emergency Room for the first 15 years of her nursing career. She has served the community for decades treating members of community during some of their most difficult times.

Ms. Conlon has seven siblings, none of whom she was able to visit during the four month period when she was on home detention. Her inability, during that time period, to visit one sister, in particular, was very difficult as that sister is suffering from Stage 4 terminal cancer.

Ms. Conlon was also unable to visit or babysit for her daughter who has three-year old twins and was not able to serve as her daughter's emergency contact - to pick up the children in the event of illness at their daycare.

Ms. Conlon was also unable, during her period of home detention, to visit her significant other at his home in Thurmont, Maryland and she was not able to attend family functions.

Ms. Conlon understands that these limitations on her personal liberty are the direct consequences of her unlawful conduct on January 6, 2021. They are factors, however, that are appropriate for the Court consider in determining whether any further punishment is necessary in this matter.

Ms. Conlon knows that she is an alcoholic. Except for a relapse period around 2015, Ms. Conlon has been able to maintain her sobriety and she continues to do so. AA has been a

source of her support and she has been an active participant in AA but has been limited her ability to participate at AA meetings.

It was during a brief period of relapse in 2015 that she found herself in the situation where she was arrested in St. Louis for the 2105 charge previously referenced and one that occurred when she was in withdrawal as a result of running out of medication on a trip to St. Louis. Thereafter she voluntarily entered an intensive outpatient program and was able to get off pain medication entirely in 2015.

When viewed in the context of the entirety of the Ms. Conlon's life, the fact that she pled guilty to a misdemeanor offense resulting from her fleeting, albeit unlawful, presence in the Capitol, should be considered in the larger context of the fact that she has spent the greater part of her adult life serving those in need of care. She is the antithesis of someone who represents a danger to the community. She continues to serve her community. She has also be punished for her conduct by the publicity and humiliation associated with being arrested and prosecuted in this matter.

**VI. CONCLUSION**

For each and all of the foregoing reasons it is respectfully requested that this Honorable Court impose the agreed restitution of five hundred dollars. In consideration of the fact the Defendant has served a period of incarceration before her release on home detention and in consideration of the fact that she served four months on home detention, it is respectfully submitted that any additional court supervision is unnecessary. Ms. Conlon has already served restrictions on her liberty that more than adequately punishes her for the literally momentary presence within the Capitol. Her entry into the Capitol building was not only fleeting, but while in the Capitol building she did not engage in any destructive activity or any violent activity. She

is guilty of an authorized presence in the Capitol building that was the result of a brief exercise of poor judgement.

No further punishment of Ms. Conlon is necessary to serve the purposes of 18 U.S.C. 3553(a). A sentence of time served is sufficient, but not greater than necessary, to reflect the seriousness of the offense to which she pled guilty, to promote respect for the law and to provide just punishment for the offense of conviction. It is also sufficient to afford adequate deterrence, and to protect the public from further crimes by Ms. Conlon.

Ms. Conlon respectfully request that this Honorable Court impose a time served sentence without the requirement of any probation or other sentencing conditions other than the payment of the agreed upon restitution of five hundred dollars.

Respectfully submitted,

MARCUSBONSIB, LLC

*/s/ Robert C. Bonsib*

Robert C. Bonsib
6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
(301) 441-3000
robertbonsib@marcusbonsib.com
Bar No. 423-306

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served this 22nd day of December, 2022 *via* CM/ECF to: Assistant United States Attorney Nathaniel Karl Whitesel.

*/s/ Robert C. Bonsib*

Robert C. Bonsib