IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Criminal No. 1:22-cr-00171 (JMC) |
| PAULA CONLON | * |

*****

### DEFENDANT COLON'S REPLY TO THE GOVERNMENT'S SENTENCING MEMORANDUM

The Defendant, by and through her attorney, Robert C. Bonsib, Esq. and the Law Office of MarcusBonsib, LLC, hereby submits this Reply to the Government's Sentencing Memorandum and, in support thereof, states as follows:

### THE COURT SHOULD REJECT THE GOVERNMENT'S RECOMMENDATION FOR A SENTENCE OF IMPRISONMENT

The government seeks a sentence of 60 days imprisonment, 36 months of supervised probation, 60 hours of community service and a five hundred dollars ($500) in restitution for Paula Conlon ("Conlon") as the appropriate sentence in this matter.  The government's sentencing recommendation is excessive and, it is respectfully submitted, should be rejected.

The government fails to properly consider and factor in as the significant 18 U.S.C. 3553(a) factors the following:

1. Conlon was only in the Capitol for 3 minutes

2. While in the Capitol, Conlon did not engage in any destructive or violent conduct.

3. Conlon has successfully raised a family, at times as a single mother and, while working, and at the age of 36 enrolled and later successfully obtain her degree and began a career in Emergency Nursing which she was engaged for 15 years.  Over

       the last 6 years she has worked in a Nursing Home setting where she now works as a nursing supervisor.

6. Conlon has served her community over the years, and throughout the most difficult times during the pandemic where, as a nurse providing much needed services, she saw over 50% of her patients succumb to COVID.

7. Conlon has overcome personal addiction/alcohol abuse problems and has been actively involved in sobriety programs.

8. Conlon was entitled to express her political views, march to the Capitol and exercise her First Amendment rights to redress political grievances (although not to enter the Capitol building).

9. Conlon has expressed remorse and accepted responsibility - not only by her guilty plea, but also in her letter to the Court and by her conduct in promptly removing herself from the Capitol building once she "came to her senses" and realized that she should not be inside the Capitol building under the circumstances then occurring.

10. Conlon has gained the respect of her family and friends who have, over many years observed her nurturing and caring nature, her hard work and her devotion to her family.

The government's recommendation is based on factors that are outside of the conduct that supported the government's prosecution of Conlon, to wit: the 3 minutes she was in the Capitol building. The operative facts that established the criminal conduct in this matter consisted only of the 3 minutes of Conlon's non-violent and non-destructive presence in the Capitol Building.

A presence that was almost immediately recognized by Conlon as a mistake and that realization resulted in her deciding to promptly leave the Capitol Building.

The government seeks to aggravate Conlon's conduct - conduct probably at the very lowest level of conduct by any January 6th defendant - by relying almost entirely on allegations and information that do not constitute elements of the offense of conviction in this matter.

Contrary to the contention of the government, Conlon has remorse for her conduct in this matter as is evidenced by her letter to the Court and her guilty plea in this matter. (See Exhibit #1- Conlon Letter).

Additionally, the government seeks to use Conlon's legitimate exercise of her First Amendment rights of freedom of speech and assembly as aggravators in this matter. The government points to statements on Conlon's social media which, regardless of whether one agrees or disagrees with Conlon's political point of view, represent a reflection of one of the core principles of our democracy, to wit: the right criticize and protest against the government.

Conlon's presence on the grounds of the Capitol Building was not criminal. Her presence during the protests that were going on outside the Capitol Building was not criminal. She did not participate or encourage any violence. She did not destroy anything. Her momentary outburst - "Back off" - occurred when police were pushing towards individuals who, apparently from the video clip provided by the government - had been demonstrating, waving flags and displaying signs. She did not engage with the police and was not observed being in the presence of those officers any further.

Conlon's conduct with respect to the removal of the firearm from her residence was a big mistake. She has paid the price for that by having much more onerous conditions of release imposed upon her than most other January 6th defendants charged with the same offenses with

which she has been charged. She is before the Court for her conduct in Washington, DC on January 6th and not for her conduct in another State and for which she. has not been charged. While it is a fact of which the Court is aware and is appropriate for the Court to acknowledge, it is not a factor that, in view of all the other facts and information in this case, support a sentence of further imprisonment.

The government cites numerous other cases to support its sentencing recommendation in this case, most of which relate to defendants who were in the Capitol for significantly more time than 3 minutes, engaging in more aggravating conduct and having criminal histories that make each of those cases easily and substantially distinguishable from Conlon's case. The government has cited no case where the facts were as minimal as Conlon's and yet resulted in a period of imprisonment.

As an example, the government seeks a sentence of 60 days imprisonment for Conlon and cites in support of that sentence by reference to the 60 day sentence imposed in *United States v. Meteer*, a case in which the government reports the defendant spent 31 minutes in the Capitol, had possessed firearms and had a criminal history that consisted of a prior felony conviction that made him a prohibited person. The government also cites to the sentence in *United States v Vaksananj* of 42 days of intermittent confinement and 3 months of home detention - a case in which the government reports that the defendant spent 40 minutes in the capital, had eight prior criminal convictions, including one felony, and was found with four firearms at the time of his arrest. The government's attempt to suggest that its recommendation for a 60 day sentence of imprisonment in Conlon's case is not disparate with the sentences imposed in these two cases is difficult to understand and certainly does not support the government's sentencing recommendation in this case.

A period of imprisonment and 36 months of probation would be excessive even had Conlon not previously had her liberty significantly restrained as of result of her arrest in this matter.  Her liberty has, however, already been severely affected by her serving nearly a week in jail before her release and her being of home confinement for many months before that condition of her pre-trial release was removed.

Conlon was a woman who, like many others, came to the Capitol to exercise her constitutional right to express her political views and got caught up in something that she did not plan for, or expect, and for which she has already paid a significant personal price.

The letters from family and friends of Conlon, those who know her well and have known her over many years, present the picture of a loving, hard-working woman who has raised a family, served her community and faced and overcome many personal struggles.   (See Exhibit #2- Letter in Support of Paula Conlon).

## CONCLUSION

For each and all of the foregoing reasons it is respectfully that the purposes of 18 U.S.C. 3553(a) are served by a sentence of time served without the requirement of any period probation or other sentencing conditions other than the payment of the agreed upon restitution of five hundred dollars ($500).

Respectfully submitted,

MARCUSBONSIB, LLC

*/s/ Robert C. Bonsib*
_____
Robert C. Bonsib
6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770
(301) 441-3000
robertbonsib@marcusbonsib.com
Bar No. 423-306

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served this 29th day of December, 2022 *via* CM/ECF to all parties of record.

*/s/ Robert C. Bonsib*
_____
Robert C. Bonsib